UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Donte Johnson** **Docket No. 7:26-CR-14-1FL**

**Petition for Action on Supervised Release**

COMES NOW Corey A. Rich, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Donte Johnson, who, upon an earlier plea of guilty to Conspiracy to Distribute 280 Grams or More of Cocaine Base, in violation of 21 U.S.C. § 846 and § 841(a), was sentenced by the Honorable James R. Spencer, U.S. District Judge for the Eastern District of Virginia, on December 17, 2013, to the custody of the Bureau of Prisons for a term of 192 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 60 months. Donte Johnson was released from custody on April 17, 2025, at which time the term of supervised release commenced.

On October 31, 2025, the conditions of supervision were modified by the Honorable Robert E. Payne, Senior United States District Judge in the Eastern District of Virginia, to include that the defendant shall participate in a cognitive behavioral program as directed by the probation office, the defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility, the defendant shall participate in a program of mental health treatment, as directed by the probation office, and that the defendant shall submit to a search, at any time, with or without a warrant, and by any law enforcement or probation officer, of the defendant's person and any property, house, residence, vehicle, and effects upon reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the defendant, or by any probation officer in the lawful discharge of the officer's supervision functions.

On March 4, 2026, jurisdiction was transferred to the Eastern District of North Carolina and assigned to the Honorable Louise W. Flanagan, U.S. District Judge.

On March 18, 2026, a Violation Report was forwarded to the court advising that on February 19, 2026, the defendant was charged with Assault on a Female and Communicating Threats (26CR 237512), in Cumberland County, North Carolina. This matter remains pending in state court. It was also reported that on February 24, 2026, the defendant submitted a urine sample that tested positive for marijuana. The court agreed to continue supervision to allow the benefit of additional treatment, and to determine the outcome of the charges in state court.

On June 2, 2026, a Petition for Action was approved by the court addressing *U.S. v. McLaurin*, and the fact that on March 23 and April 27, 2026, the defendant submitted urine samples that tested positive for marijuana. At that time, the court ordered that the defendant be subject to the mandatory conditions that were imposed at sentencing, the standard conditions, as referenced in the current standing order for the Eastern District of North Carolina, and special conditions imposed by the court.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:** The defendant possessed marijuana, as evidenced by tests conducted on July 28, 2026, that yielded positive results for marijuana. Laboratory confirmation reports further verified that the specimen tested positive for marijuana. When confronted, the defendant admitted to using the illegal substance. The defendant is remorseful for his actions and wishes to become sober again. He continues with individual and group counseling.

Pursuant to 18 U.S.C. § 3583(d), the court shall consider whether the availability of appropriate substance abuse treatment programs, or a person's current or past participation in such programs, warrants an exception to 18 U.S.C. § 3583(g)(4) when considering any action against a defendant who fails a drug test while on supervised release. As the defendant is actively engaged in a treatment program, and considering 18 U.S.C. § 3583(d), the probation office respectfully recommends the defendant be permitted to continue supervision in lieu of revocation at this time. In response to his continued substance use, a 60-day curfew with location monitoring is suggested. Any subsequent substance use will be reported to the court. The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. The defendant shall adhere to a curfew as directed by the probation officer for a period not to exceed 60 consecutive days. The defendant is restricted to his residence during the curfew hours. The defendant shall submit to location monitoring technology as directed by the U.S. Probation Officer and comply with its requirements as directed.

Except as herein modified, the judgment shall remain in full force and effect.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Corey A. Rich
Corey A. Rich
U.S. Probation Officer
150 Rowan Street Suite 110
Fayetteville, NC 28301
Phone: 910-354-2540
Executed On: August 17, 2026

**ORDER OF THE COURT**

Considered and ordered this 9th day of September, 2026, and ordered filed and made a part of the records in the above case.

Louise W. Flanagan
U.S. District Judge